

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                    GrantedPublicAccess Logoff LAURAJORDAN

**14SL-CC04035 - SAMANTHA LOGAN V CHARTER COMMUNICATIONS, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case  Click here to Respond to Selected Documents  Sort Date Entries: ◉ Descending  ◯ Ascending    Display Options: All Entries

**02/02/2015**        Correspondence Sent

              Case Mgmt Conf Scheduled
                  Scheduled For: 03/03/2015;  9:00 AM ;  JOSEPH L. WALSH III;  St Louis County

**01/26/2015**        Corporation Served
                  Document ID - 15-SMCC-175; Served To - CHARTER COMMUNICATIONS, LLC; Server - ; Served Date - 20-JAN-15; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - SHELLEY LEWID, DESIGNEE

**01/09/2015**        Alias Summons Issued
                  Document ID: 15-SMCC-175, for CHARTER COMMUNICATIONS, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**01/06/2015**        Alias Summons Requested
                  Request for Alias Summons.
                      Filed By: BRET CHARLES KLEEFUSS
                      On Behalf Of: SAMANTHA LOGAN

**12/04/2014**        Summons Issued-Circuit
                  Document ID: 14-SMCC-12503, for CHARTER COMMUNICATIONS, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**11/24/2014**        Filing Info Sheet eFiling
                      Filed By: BRET CHARLES KLEEFUSS

              Entry of Appearance Filed
                  Entry of Appearance.
                      Filed By: BRET CHARLES KLEEFUSS
                      On Behalf Of: SAMANTHA LOGAN

              Pet Filed in Circuit Ct
                  Petition.

              Judge Assigned
                  DIV 17

Case.net Version 5.13.7.0                    Return to Top of Page                    Released 01/07/2015

**EXHIBIT**

tabbies‒  A

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI  63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 14SL-CC04035
SAMANTHA LOGAN
VS

CHARTER COMMUNICATIONS, LLC

COURT DATE: MARCH 3, 2015
COURT TIME: 09:00 AM
DIVISION: DIV17

THE ABOVE STYLED CASE IS SET FOR A CASE MANAGEMENT CONFERENCE AT THE DATE, TIME AND DIVISION INDICATED ABOVE.  YOU MUST APPEAR AT THE CONFERENCE. FAILURE TO APPEAR WILL RESULT IN THE COURT'S DESIGNATION OF THE DISCOVERY SCHEDULE AND MAY RESULT IN SANCTIONS OR THE CASE BEING DISMISSED.

JOAN M. GILMER, CIRCUIT CLERK
February 2, 2015



14SL-CC04035        DIV17
BRET CHARLES KLEEFUSS
1708 OLIVE STREET
SAINT LOUIS, MO  63103



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  14SL-CC04035 |
| Plaintiff/Petitioner:<br>SAMANTHA LOGAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO  63103 |
| Defendant/Respondent:<br>CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

**RECEIVED**
JAN 16 2015
COLE COUNTY
SHERIFF'S OFFICE

**FILED**
(Date File Stamp)

JAN 26 2015
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

The State of Missouri to:  CHARTER COMMUNICATIONS, LLC
                           Alias:

221 BOLIVAR
JEFFERSON CITY, MO 65101

SERVE CSC-LAWYERS INCORPORATING
SERVICE COMPANY

**COURT SEAL OF**

**ST. LOUIS COUNTY**

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>09-JAN-2015</u>
Date

_____
Clerk

Further Information:
TLC

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
 _Shelley Lewis_ (name) _owner_ (title).
☐ other _____
Served at _221 Bolivar_ (address)
in _Cole_ (County/City of St. Louis), MO, on _1/20/15_ (date) at _1210P_ (time).
_Troy Whrig_         _By John Smith 81_
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $_____ per mile) | |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 15-SMCC-175     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 15-SMCC-175    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  14SL-CC04035 |
| Plaintiff/Petitioner:<br>SAMANTHA LOGAN <div style="text-align:right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO  63103 |
| Defendant/Respondent:<br>  CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  CHARTER COMMUNICATIONS, LLC
                      Alias:

221 BOLIVAR                          SERVE CSC-LAWYERS INCORPORATING
JEFFERSON CITY, MO  65101            SERVICE COMPANY



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>09-JAN-2015</u>
Date                                              _____ Clerk

Further Information:
TLC

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

   *(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 06, 2015 - 02:42 PM

**IN THE 21st JUDICIAL CIRCUIT OF MISSOURI**
**ST. LOUIS COUNTY**

SAMANTHA LOGAN,                    )
                                   )
          Plaintiff                )
                                   )          Case No.: 14SL-CC04035
v.                                 )          Division: 17
                                   )
CHARTER COMMUNICATIONS, LLC,       )
                                   )

COMES NOW Plaintiff and in support of her Request for Alias Summons states:

1.     Defendant Charter Communications, LLC, had summons issued on December 4, 2014. That summons was not served in a timely manner and has expired.

2.     Plaintiff respectfully requests this Court to issue alias summons to Defendant Charter Communications, LLC, at:

> **Registered Agent**
> **CSC-Lawyers Incorporating Service Company**
> **221 Bolivar**
> **Jefferson City, Missouri 65101**

3.     No service fee is required because the places of service are in Cole County, Missouri, and St. Louis County, Missouri.

WHEREFORE Plaintiff respectfully prays that this Court issue alias summons to the Defendant at the location indicated above.

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/Bret Kleefuss
Bret Kleefuss, #59175
bretcharles@yahoo.com
1708 Olive
St. Louis, Missouri 63103

Electronically Filed - St Louis County - January 06, 2015 - 02:42 PM

Phone: (314) 367-4878
Fax:    (314) 678-3998

## Certificate of Service

The undersigned certifies that no service of this document is required as no Defendant has entered its appearance.


/s/Bret Kleefuss



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 14SL-CC04035 |
| Plaintiff/Petitioner:<br>SAMANTHA LOGAN | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO 63103 |
| vs. | |
| Defendant/Respondent:<br>CHARTER COMMUNICATIONS, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHARTER COMMUNICATIONS, LLC
Alias:

221 BOLIVAR
JEFFERSON CITY, MO 65101

SERVE REGISTERED AGENT
CSC-LAWYERS INCORPORATING
SERVICE COMPANY



COURT SEAL OF

ST. LOUIS COUNTY

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

__04-DEC-2014__
Date

Further Information:
TLC

_Joan M. Gilmer_
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

**14SL-CC04035**

## IN THE 21ˢᵗ JUDICIAL CIRCUIT OF MISSOURI
## ST. LOUIS COUNTY

SAMANTHA LOGAN,                )
                              )
        Plaintiff          )
                              )          Case No.:
v.                            )          Division:
                              )
CHARTER COMMUNICATIONS, LLC,  )
                              )
        Defendant.         )

### ENTRY OF APPEARANCE

    Gregory Anderson hereby enters his appearance as co-counsel on behalf of Plaintiff and those similarly situated.

                /s/ GREGORY ANDERSON
                Gregory Anderson, #58827
                greg@andersonhenderson.com
                Anderson Henderson, LLC
                7750 Clayton Road, Suite 102
                St. Louis, MO 63117
                Phone: (314) 266-5111
                Fax: (314) 549-5702

                *Attorney for Plaintiff and all those*
                *similarly situated*

### CERTIFICATE OF SERVICE

    The undersigned states that this document will be served on Defendant along with the Petition according to Missouri law.

        /s/Greg Anderson

**14SL-CC04035**

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

## IN THE 21st JUDICIAL CIRCUIT OF MISSOURI
## ST. LOUIS COUNTY

| | |
|---|---|
| SAMANTHA LOGAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.: |
| v. ) | Division: |
| ) | |
| CHARTER COMMUNICATIONS, LLC, ) | |
| ) | JURY TRIAL DEMANDED |
| **Serve:** ) | |
| **Registered Agent** ) | |
| **CSC-Lawyers Incorporating Service** ) | |
| **Company** ) | |
| **221 Bolivar** ) | |
| **Jefferson City, Missouri 65101** ) | |
| ) | |
| Defendant. ) | |

## PETITION

Plaintiff, Samantha Logan ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel and for her Complaint against Defendant Charter ("Charter"), hereby states and alleges the following:

### Nature of Case

1.  Charter employs salaried workers as door to door sales people, or ("DSP"). The DSP's job duties are supposed to be door-to-door sales. However, the reality of the job was that the DSPs were customer service representatives, field technicians, field mappers, and performed many other job duties unrelated to sales. Charter deemed the DSP's as exempt employees and did not pay them any overtime wages. During the relevant time preceding this action, Charter required these DSP employees to work overtime and without pay. On average a DSP employee would work 50 to 60 hours a week. Thereby, Charter received unpaid labor from its DSP employees on a consistent basis. Plaintiff seeks to recover unpaid overtime wages under the Fair

1

Electronically Filed - St. Louis County - November 24, 2014 - 10:00 AM

Labor Standards Act ("FLSA") and Missouri wage and hour statutes and to recover damages under Missouri common law.

<div align="center">

**Venue**

</div>

2.      Venue is proper because Charter employs DSP workers in St. Louis County and the unlawful conduct giving rise to the claims occurred in St. Louis County.

<div align="center">

**Parties and Claims**

</div>

3.      Plaintiff Samantha Logan resides in St. Louis County, Missouri and worked as a DSP for Defendant Charter in St. Louis, Missouri.

4.      Plaintiff brings Count I of this action as a collective action under the FLSA on behalf of themselves and all other similarly situated DSP employees within the last three years.

5.      Plaintiff brings Count II of this lawsuit as a Class Action under the Missouri Minimum Wage Laws, R.S.Mo § 290.500 et seq. on behalf of herself and all other similarly situated DSP employees within the last two years.

6.      Plaintiffs bring Counts III and IV of this lawsuit as a class action under Missouri common law on behalf of herself and all other similarly situated DSP workers employed by Defendant Charter within the last five years.

7.      Defendant Charter Communications, LLC, is a Delaware corporation with its Missouri headquarters located within St. Louis County.

<div align="center">

**General Allegations**

</div>

8.      Plaintiff and similarly situated Charter DSP employees have consistently worked more than 40 hours per week.   On average Charter DSP employees work 10 to 20 hours of overtime every week.

<div align="center">2</div>

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

9.      Charter deemed the DSP employees exempt and notified the DSP employees they are not entitled to overtime compensation when in fact DSP employees are non-exempt.

10.     Based on Defendant Charter deeming the DSP employees as exempt Plaintiff and other similarly situated DSP workers have not reported, nor been compensated for all time worked.

11.     Consequently, the Charter DSP employees consistently worked without compensation.

12.     Plaintiff and all similarly situated DSP employees are entitled to compensation for time they worked.

13.     Charter's deliberate failure to pay the DSP employees their earned wages and overtime compensation violates the FLSA and Missouri law.

14.     Defendant Charter paid Plaintiff and other similarly situated DSP employees on a salary and commission basis and classified them as "exempt" under the FLSA and Missouri wage and hour laws.

15.     Defendant Charter did not record all time worked by the DSP employees.

16.     The policies and practices maintained and administered by Charter, instituted and approved by company managers resulted in Charter willfully failing to pay overtime compensation and willfully failing to keep accurate time records.

17.     Charter thus enjoyed ill-gained profits at the expense of its DSP employees.

**Collective and Class Action Allegations**

18.     Plaintiff brings Count I as a "opt-in" collective action under 29 U.S.C. §216 (b) on behalf of all those who filed a consent to join form with the Court.

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

19.    Plaintiffs bring Counts II, III and IV of this lawsuit as an "opt-out" class action under Missouri common law on behalf of herself and all other similarly situated DSP workers.

20.    Plaintiff individually and on behalf of similarly situated DSP employees seek relief on a collective basis challenging other FLSA violations, Charter's practice of failing to accurately record and pay for all overtime hours worked.  The number and identity of other Plaintiffs yet to opt-in and consent to be a party Plaintiff may be determined from Charter's records and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

21.    Plaintiff brings Count I of this Complaint as a Class Action on behalf of herself and as the class representative of the following persons:

(a)    all current and former DSP employees employed by Charter within three years preceding the date of filing this action.

22.    Plaintiff brings Count II of this Complaint as a class action on behalf of herself and as the class representative of the following persons:

(a)    all current and former DSP employees employed by Charter within two years preceding the date of filing this action.

23.    Plaintiff brings Count III and IV of this Complaint as a class action on behalf of herself and as the class representative of the following persons:

(a)    all current and former DSP employees employed by Charter within five years preceding the date of filing this action.

24.    The state law claims, if certified for class wide treatment, are brought on behalf of all similarly situated DSP employees who do not opt out of the class action (hereinafter "the Class").

4

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

25.    Plaintiff's state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

26.    The class satisfies the numerosity standards.   The class consists of multiple persons who may be geographically disbursed.   As a result, joinder of all class members in a single action is impractical.  Class members may be informed of the pendency of this class action through direct mail.

27.    Questions of fact and law common to the class predominate over any questions affecting only individual members.   Questions of law and fact arising from Defendant's actions include, without limitation the following:

(i)    whether Defendant failed to pay class members wages and overtime required under R.S. Mo. § 290.500 et seq.;

(ii)    whether Defendant failed to fully and adequately record the hours worked by class members as required under R.S. Mo. § 290.500 et seq.;

(iii)    whether Defendant is liable to class members pursuant to Quantum Meruit; and

(iv)    whether Defendant has been unjustly enriched by its failure to pay class members for time worked.

28.    The questions set forth above predominate any questions affecting only individual persons and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

29.    Plaintiff's claims are typical of those of the Class and the Class Members in that the Class members have been employed in the same or sufficiently similar positions as Plaintiff and were subject to the same unlawful practices.

5

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

30.    A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Charter has acted or refused to act on grounds generally applicable to the Class.  The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Charter, and/or substantially impairing or impeding the ability of Class members to protect their interests.

31.    Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of other members of the Class she seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her undersigned counsel.

32.    Maintenance of this action is a fair and efficient method for adjudicating this controversy.  It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

33.    Plaintiff reasserts and re-alleges the allegations set forth above.

34.    At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

35.    The FLSA regulates, among other things, the payment of overtime to the DSP employees who are engaged in interstate commerce, or engaged in the production of goods for

6

Electronically Filed - St. Louis County - November 24, 2014 - 10:00 AM

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36.    Charter is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its DSP employees are engaged in commerce.

37.    During all times relevant to this action, Charter was the "employer" of Plaintiff and the Class within the meaning of the FLSA. 29 U.S.C. §§ 203(d) & (g).

38.    During all times relevant to this action, Plaintiff and the Class were Charter's "employees" within the meaning of the FLSA. 29 U.S.C. §§ 203(e) & (g).

39.    The FLSA exempts certain categories of employees from overtime pay obligations; however, none of the FLSA exemptions apply to Plaintiff or other similarly situated DSP employees. 29 U.S.C. § 213.

40.    Pursuant to the FLSA, non-exempt employees are entitled to be compensated at a rate of not less than one and one half times the regular rate at which such employees are employed for all work performed in *excess* of forty (40) hours in a work week.  29 U.S.C. § 207(a)(1).

41.    Charter, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiff and other similarly situated DSP employees overtime wages required under the FLSA.

42.    Plaintiff and all similarly situated DSP employees are victims of a uniform and department-wide compensation policy.

43.    Plaintiff and all similarly situated DSP employees are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

Complaint, plus periods of equitable tolling, because Charter acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

44.     Charter has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated DSP employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find that Charter did not act willfully in failing to pay overtime compensation, Plaintiff and all similarly situated DSP employees are entitled to an award of prejudgment interest at the applicable legal rate.

45.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Charter from Plaintiff and all similarly situated DSP employees.  Accordingly, Charter is liable under 29 U.S.C. §216(b), together with an additional amount as liquidated damages, pre and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated DSP employees demand judgment against Charter and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II: VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

46.     Plaintiff reasserts and re-alleges the allegations set forth above.

8

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

47.     At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws. R.S.Mo. § 290.500(3) *et seq.*

48.     Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein.  R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

49.     During all time relevant to this action, Monsanto was the "employer" of Plaintiff and the Class within the meaning of the Missouri's wage and hour laws. R.S.Mo. §§ 290.500(3) & (4).

50.     During all times relevant to this action, Plaintiff and the Class were Charter's "employees" within the meaning of Missouri's wage and hour laws.  R.S.Mo. § 290.500(3).

51.     Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiff or the Class. R.S.Mo. § 290.500(3).

52.     Pursuant to Missouri's wage and hour laws, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a work week. R.S.Mo. §290.505.1.

53.     Charter, pursuant to its policy and practice, violated Missouri's wage and hour laws by refusing and failing to pay Plaintiff and other similarly situated DSP employees overtime wages required under Missouri law.  R.S.Mo. § 290.505.1.

9

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

54.    Plaintiff and the Class are victims of a uniform and department-wide compensation policy.  This uniform policy, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Class members.

55.    Plaintiff and all similarly situated DSP employees are entitled to damages equal to all unpaid overtime wages due within (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional amount as liquidated damages. R.S.Mo. § 290.527.

56.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

57.    Charter is liable pursuant to R.S.Mo. § 290.257 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated DSP employees demand judgment against Charter and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo § 290.257; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT III – QUANTUM MERUIT

58.    Plaintiffs reassert and re-allege the allegations set forth above.

59.    Charter recognized the benefits conferred upon it by Plaintiff and others similarly situated.

60.    Charter accepted and retained the benefits under circumstances that would render such retention inequitable.

Electronically Filed - St. Louis County - November 24, 2014 - 10:00 AM

61.    Charter has thereby been unjustly enriched and/or Plaintiff and other similarly situated DSP employees have been damaged.

62.    The payment requested by Plaintiff and others similarly situated DSP employees for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

63.    Plaintiff and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

64.    Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Complaint, Plaintiff and all similarly situated DSP employees demand judgment against Charter and pray for (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

### COUNT IV – UNJUST ENRICHMENT

65.    Plaintiff reasserts and re-alleges the allegations set forth above.

66.    Plaintiff and others similarly situated DSP employees conferred benefits on Charter in the form of unpaid labor and Charter received such benefits conferred upon it by Plaintiff and those similarly situated.

67.    Charter appreciated the fact of the benefits.

68.    Charter accepted and retained the benefits in circumstances that render such retention inequitable.

69.    Charter has thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

11

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

70.   Plaintiff and all similarly situated DSP employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

71.   Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count IV of this Complaint, Plaintiff and all similarly situated DSP employees demand judgment against Charter and pray for: (1) compensatory damages; (2) pre-judgment and post-judgment interest as provided by law; and (3) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby request a trial by jury as to all issues triable by jury.

Electronically Filed - St Louis County - November 24, 2014 - 10:00 AM

DATED: NOVEMBER 12, 2014            Respectfully submitted,

                                    LAW OFFICES OF DERALD L. GAB, P.C.

                                    /s/Bret Kleefuss
                                    Bret C. Kleefuss, #59175
                                    bretcharles@yahoo.com
                                    Law Offices of Derald L. Gab
                                    Attorneys for Plaintiff
                                    1708 Olive Street
                                    St. Louis, MO 63103
                                    Phone: (314) 367-4878
                                    Fax:    (314) 678-3998

                                    AND

                                    Gregory Anderson, #58827
                                    greg@andersonhenderson.com
                                    Anderson Henderson, LLC
                                    7750 Clayton Road, Suite 102
                                    St. Louis, MO 63117
                                    Phone: (314) 266-5111
                                    Fax: (314) 549-5702


                                    *Attorney for Plaintiff and all those
                                    similarly situated*


## CERTIFICATE OF SERVICE

The undersigned states that this Petition will be served on Defendant according to Missouri law.

/s/Bret Kleefuss

13