UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAMANTHA LOGAN,                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )        Case No. 4:15 CV 246 CDP
                                   )
CHARTER COMMUNICATIONS,            )
LLC,                               )
                                   )
          Defendant.               )

## MEMORANDUM AND ORDER

This action is before the Court on defendant Charter Communications, LLC's motion to strike most of the petition. Charter argues that nearly all of the allegations that appear in plaintiff Samantha Logan's petition were copied verbatim from an unrelated lawsuit. As such, according to Charter, they should be stricken as "immaterial" under Fed. R. Civ. P. 12(f). For her part, Logan admits that she "borrow[ed] heavily" from the complaint in the unrelated lawsuit, but she denies that the borrowing alone demonstrates that there is no factual foundation for her allegations. Logan's counsel has filed an affidavit indicating that his client has provided him with "the necessary factual statements to support the allegations" made in the complaint. Additionally, plaintiff has filed a motion for leave to amend to remove an incorrect reference to a non-party.

Striking a party's pleading under Rule 12(f) "is an extreme and disfavored measure." *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *see also* 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2009) (motions to strike generally "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice"). The party moving to strike bears the burden of demonstrating why the challenged allegations should be stricken. *E.g., Sw. Bell Tel., L.P. v. Mo. Pub. Serv. Comm'n*, 461 F. Supp. 2d 1055, 1064 (E.D. Mo. 2006). Here, Charter has not shown Logan lacks personal knowledge to support her allegations, so it has not shown that the copied allegations are immaterial. I will therefore deny Charter's motion to strike.

Charter argues broadly that a party who copies allegations from another pleading should be penalized in one way or another, whether by striking or dismissing the offending pleading or by imposing sanctions. But even in the main case relied on by Charter, *Brown v. Ameriprise Financial Services, Inc.*, the district court recognized that "copying itself is not problematic." 276 F.R.D. 599, 604 (D. Minn. 2011). What was problematic in *Brown* was that the plaintiff had no knowledge to substantiate the facts she had alleged. In that case plaintiff's importing language from another pleading was evidence that her allegations had no

basis in fact.  Putting aside *Brown*'s questionable applicability,[1] the sanctionable conduct in that case was not copying allegations but rather filing a complaint that the plaintiff "knew or should have known lacked evidentiary support for many (if not most) of its allegations." *Id.* at 606.  Here, Logan's adoption of language from another complaint does not necessarily mean that she lacks knowledge to support her allegations against Charter.  If it later turns out that Logan had no factual basis for the claims she has made, Charter is welcome to file additional motions, as long as they comply with the Federal Rules of Civil Procedure.

Based on the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion to strike [#7] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend her petition to fix her typographical errors and remove a reference to the wrong defendant employer [#15] is granted.  *See* Fed. R. Civ. P. 15(a)(2).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2015.

---

[1]  *Brown* concerned Rule 11, which requires some inter-party communication before a motion is filed in court.  *See* Rule 11(c)(2).  Here, it appears that Charter did not meaningfully discuss its objections with Logan before moving to strike her petition.  Rule 12(f) does not mandate such communication, but the fact that it did not happen here distinguishes *Brown* from this case.